# Exhibit B
# Documents filed in the State Court Action

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT KANSAS CITY

| | |
|---|---|
| **MEGAN MURPHY** ) | |
| *Plaintiff* ) | |
| v. ) | Case No.: |
| ) | |
| **NEXSTAR BROADCASTING, INC.** ) | Division: |
| *Serve Registered Agent:* ) | |
|    CSC-Lawyers Incorporating ) | **JURY TRIAL DEMANDED** |
|    Service Company ) | |
|    221 Bolivar Street ) | |
|    Jefferson City, MO 65101 ) | |
| *Defendant* ) | |

## PETITION

COMES NOW Plaintiff Megan Murphy, through counsel, alleging the following for her *Petition* against Defendant.

1. This is a civil case involving an employer who discriminated against an employee in violation of 42 U.S.C. § 1981, which guarantees that all persons in the United States have equal rights to make and enforce contracts, including employment relationships, without regard to their race, ethnicity, or heritage.

2. Defendant **NEXSTAR BROADCASTING, INC**. owns and operates Fox 4-KC, WDAF-TV ("Fox 4"), which broadcasts to the Kansas City metropolitan area.

3. Plaintiff **MEGAN MURPHY** was previously employed at Fox 4 (her on-air name was Megan Dillard). In 2020, a Lead Evening Anchor position opened, and remained open for several months. Plaintiff expressed interest in the position to Defendant's News Director, Sean McNamara. Plaintiff was qualified for the position and had experience performing the position as a substitute for the previous anchor.

4. Defendant refused to hire – or even consider Plaintiff for the position. Why? According to the News Director, she was "***the wrong minority***."

5.  Plaintiff demands a trial by jury and seeks all available relief, including damages in an amount that is fair and reasonable, costs, expenses, fees, interest, and equitable relief.

**PARTIES**

6.  Plaintiff is an adult female citizen of Missouri. Her race, ethnicity, or heritage is accurately described as Asian American, Pacific Islander, and Filipino.

7.  From approximately March 2014 until October 2020, Plaintiff was a contract employee who worked at Fox 4.

8.  Plaintiff's employment contracts were formed with the company Tribune Broadcasting Kansas City, Inc., which was the previous owner of Fox 4.

9.  From the beginning of Plaintiff's employment until approximately September 2019, Fox 4 was owned by Tribune Broadcasting Kansas City, Inc., which was her employer and the party she contracted with for the terms, conditions, and privileges of her employment.

10.  In approximately September 2019, ownership of Fox 4 transferred to Defendant.

11.  Defendant is a corporation is registered and authorized to do business in Missouri, and does continuous and substantial business in Missouri.

12.  When Defendant became the owner of Fox 4, it assumed all contractual obligations, rights, and duties related to the contracts of employment for the employees who worked at Fox 4. Further discovery will show Tribune Broadcasting assigned its contractual interests to Defendant as part of the change of ownership.

**VENUE and JURISDICTION**

13.  The Circuit Court of Jackson County, Missouri is an appropriate venue because the first injury alleged in this civil action occurred in Jackson County, Missouri.

14.  The unlawful conduct alleged against Defendant took place in Jackson County,

Missouri. Specifically, the discrimination occurred at Defendant's place of business located at 3030 Summit Street, Kansas City, MO 64108. Jackson County, Missouri is the situs of Plaintiff's contractual interest in her employment with Defendant, and would have been the situs of a contract for the Lead Evening Anchor position. Therefore, Defendant is subject to personal jurisdiction in Jackson County, Missouri for purposes of this civil action.

15. This Circuit Court has subject matter jurisdiction over this proceeding pursuant to Article V, Section 14 of the Missouri Constitution because this is a civil case.

## PARTICULARS

16. In March 2014, Plaintiff was hired as a Reporter at Fox 4. She had a written employment contract for a term of three years.

17. For three years, Plaintiff successfully performed her role as Reporter, and fulfilled her contractual obligations.

18. In November 2017, Plaintiff was promoted to TV News Anchor and awarded a new contract for a term of three years.

19. Plaintiff continued to fulfill her contractual obligations by performing her job well and being successful in her role as TV News Anchor.

20. When Defendant became the owner of Fox 4, it assumed all contractual liabilities, obligations, rights, and duties regarding the employees working at Fox 4.

21. When Defendant became the owner of Fox 4, it also became Plaintiff's employer.

22. Starting in September 2019, Defendant was Plaintiff's employer and had authority over the terms, conditions, and privileges of Plaintiff's employment, notwithstanding those that were established by Plaintiff's employment contract.

23. Throughout the time Plaintiff was employed as TV News Anchor, she reported

during the workweek and anchored news shows on weekend. At that time, the female Lead Evening Anchor was an African American identified herein as "D.R." On several occasions when D.R. was absent from work, Plaintiff substituted for D.R. and successfully performed the female Lead Evening Anchor role.

24. Near the end of 2019, D.R. announced her resignation.

25. During December 2019, Sean McNamara became the News Director at Fox 4. He had not previously worked at Fox 4. He transferred from a news station in Orlando, Florida.

26. In January 2020, Fox 4 publicly announced that D.R. was resigning from Fox 4.

27. The Lead Evening Anchor position from which D.R. resigned remained vacant until approximately August 2020.

28. While the position was vacant, Plaintiff approached the News Director Sean McNamara, expressed her interest in the position, and asked to be considered for it.

29. McNamara, by virtue of his employment with Defendant and the authority given to him by Defendant, had authority to consider candidates for on-air positions, make hiring decisions for on air-positions, and recommend or greatly influence hiring decisions for on-air positions, including the female Lead Evening Anchor position that Plaintiff expressed interest in.

30. In response to Plaintiff telling McNamara she was interested in the position, wanted to be considered for the position, and would like to fill the position, McNamara laughed at Plaintiff and said, "***You know you're the wrong minority***."

31. McNamara's comment was a reference to Plaintiff being Asian American instead of African American.

32. During 2019 and 2020, the majority of on-air employees hired to work at Fox 4 were African American.

33. Defendant engaged in a pattern and practice of expressly considering race when making hiring and promotional decisions regarding on-air positions at Fox 4.

34. Defendant refused to offer, or even consider Plaintiff for the female Lead Evening Anchor position because she was not Black/African American, which Defendant considered to be the "right" minority.

35. Defendant decided to fill the female Lead Evening Anchor position with a Black/African American female regardless of the qualifications or experience of candidates who were not Black/African American.

36. Other employees told Plaintiff that Defendant's News Director Sean McNamara was complaining about too many Asian women applying for the position.

37. During the time the Lead Evening Anchor position was vacant, Plaintiff was the only Asian on-air employee of Defendant.

38. Due to Defendant's blatant, open, and obvious pattern of making contractual employment decisions primarily on race, Plaintiff resigned her employment instead of renewing her contract with Fox 4. Defendant's discriminatory comments and conduct altered the terms, conditions, and privileges of Plaintiff's employment and left her with no choice but to resign.

39. At all times alleged, the individuals alleged to have engaged in unlawful activity were agents of Defendant acting within the scope and course of their agency, were taking actions authorized by virtue of their position with Defendant, or Defendant ratified their actions. Therefore, Defendant is liable for the unlawful and wrongful conduct alleged herein.

**COUNT I**
**DISCRIMINATION**
**42 U.S.C. § 1981**

40. Plaintiff incorporates by reference all other paragraphs in this *Petition*.

41. Plaintiff was an employee of Defendant.

42. Plaintiff had contractual rights, interests, and obligations with Defendant as a contract employee.

43. Defendant was soliciting offers to contract for the female Lead Anchor Position, and Plaintiff made her interest in the position known to Defendant.

44. Defendant refused to consider Plaintiff for the female Lead Evening Anchor Position, it failed to promote her to the position, failed to hire her for the position, and refused to entertain contract negotiations with Plaintiff for the position.

45. Defendant refused to consider Plaintiff for the position, failed to promote her, failed to hire her, and refused to contract with Plaintiff because of her race/ethnicity/heritage.

46. Defendant would not have engaged in such conduct as to Plaintiff but for Plaintiff's race/ethnicity/heritage.

47. Defendant subjected Plaintiff to race/ethnicity/heritage-based comments and conduct that were unwelcome, offensive, and sufficiently severe that Plaintiff found the work environment to be hostile and intimidating, and a reasonable person in Plaintiff's position would have felt the same.

48. The race/ethnicity/heritage-based comments and conduct described above were done by the News Director Sean McNamara, an individual who was empowered to make significant changes in Plaintiff's employment status with Defendant. Other comments included employees repeating McNamara's comments.

49. Defendant's comments and conduct resulted in a tangible employment decision, namely Defendant's refusal to consider Plaintiff for the Lead Evening Anchor Position, refusing to promote to her to the position, refusing to hire her for the position, and refusing to contract with Plaintiff regarding the position.

50. Defendant's race-based comments and conduct, including its decision to make promotional and hiring decisions based primarily on race, caused Plaintiff to resign her employment and would have caused a reasonable person in Plaintiff's position to resign.

51. Defendant's conduct was malicious or recklessly indifferent to Plaintiff's right to be free from discrimination in employment and in negotiating contractual relationships.

WHEREFORE, Plaintiff prays for Judgment against Defendant, finding Defendant discriminated against her in violation of 42 U.S.C. § 1981 and awarding Plaintiff all available damages in an amount that is fair and reasonable, costs, fees, expenses, interest, and all other legal and equitable relief the Court may grant.

*Submitted by:*

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – MO #67435
Thomas F. Ralston – MO #61052
**RALSTON KINNEY, LLC**
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

/s/ *Dennis E. Egan*
Dennis E. Egan – MO #27449
**THE POPHAM LAW FIRM, PC**
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Fax: (816) 221-3999
Email: degan@popham.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **MEGAN MURPHY** | ) | |
|     *Plaintiff* | ) | |
| v. | ) | Case No.: |
| | ) | |
| **NEXSTAR BROADCASTING, INC.** | ) | Division: |
| *Serve Registered Agent:* | ) | |
|    CSC-Lawyers Incorporating | ) | **JURY TRIAL DEMANDED** |
|    Service Company | ) | |
|    221 Bolivar Street | ) | |
|    Jefferson City, MO 65101 | ) | |
|     *Defendant* | ) | |

## DESIGNATION OF LEAD COUNSEL FOR PLAINTIFF

Kenneth D. Kinney, MO #67435, is hereby designated lead attorney for Plaintiff.

*Respectfully submitted*,

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – MO #67435
Thomas F. Ralston – MO #61052
**RALSTON KINNEY, LLC**
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

/s/ *Dennis E. Egan*
Dennis E. Egan – MO #27449
**THE POPHAM LAW FIRM, PC**
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Fax: (816) 221-3999
Email: degan@popham.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **MEGAN MURPHY** | ) | |
|     *Plaintiff* | ) | |
| v. | ) | Case No.: |
| | ) | |
| **NEXSTAR BROADCASTING, INC.** | ) | Division: |
| *Serve Registered Agent:* | ) | |
|     CSC-Lawyers Incorporating | ) | **JURY TRIAL DEMANDED** |
|     Service Company | ) | |
|     221 Bolivar Street | ) | |
|     Jefferson City, MO 65101 | ) | |
|     *Defendant* | ) | |

## MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through the undersigned counsel, and hereby moves for the appointment of Progressive Legal Process Services, LLC and its agents, Private Process Servers, to serve Defendant in this civil action. In support of this Motion, Plaintiff states that Progressive Legal Process Services, LLC and its agents who are listed below, have no interest in the above action and are of legal age to perform this service.

| | | |
|---|---|---|
| Joseph M Powers PPS22-0207 | Brent Kirkhart PPS22-0046 | Richard Raymond PPS22-0209 |
| Lilly Powers PPS22-0208 | Janice Kirkhart PPS22-0047 | Michael Puderbaugh PPS22-0330 |
| Deborah Martin PPS22-0175 | Tyler Kirkhart PPS22-0048 | Tyler Miller PPS22-0318 |
| Jessica Coffel PPS22-0131 | Cody Kyser PPS22-0049 | McKenna Howe- PPS22-0295 |
| Michael Martin PPS22-0176 | Miles Troxel PPS22-0234 | Michael E. Smith PPS22-0561 |
| Michael Imber PPS22-0162 | Marybeth Rice PPS22-0211 | Rufus Harmon PPS22-0031 |

*Respectfully Submitted,*

/s/ *Kenneth D. Kinney*
Kenneth D. Kinney – MO #67435
Thomas F. Ralston – MO #61052
**RALSTON KINNEY, LLC**
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

Electronically Filed - Jackson - Kansas City - April 28, 2022 - 12:26 PM

/s/ *Dennis E. Egan*
Dennis E. Egan – MO #27449
**THE POPHAM LAW FIRM, PC**
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Fax: (816) 221-3999
Email: degan@popham.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| **MEGAN MURPHY** )<br>            *Plaintiff* )<br>  v. )<br> )<br>**NEXSTAR BROADCASTING, INC.** )<br>*Serve Registered Agent:* )<br>   CSC-Lawyers Incorporating )<br>   Service Company )<br>   221 Bolivar Street )<br>   Jefferson City, MO 65101 )<br>            *Defendant* ) | Case No.:<br><br>Division:<br><br>**JURY TRIAL DEMANDED** |

### ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Progressive Legal Process Services, LLC and its agents, are hereby appointed to serve process in the above captioned matter.

| | | |
|---|---|---|
| Joseph M Powers PPS22-0207 | Brent Kirkhart PPS22-0046 | Richard Raymond PPS22-0209 |
| Lilly Powers PPS22-0208 | Janice Kirkhart PPS22-0047 | Michael Puderbaugh PPS22-0330 |
| Deborah Martin PPS22-0175 | Tyler Kirkhart PPS22-0048 | Tyler Miller PPS22-0318 |
| Jessica Coffel PPS22-0131 | Cody Kyser PPS22-0049 | McKenna Howe- PPS22-0295 |
| Michael Martin PPS22-0176 | Miles Troxel PPS22-0234 | Michael E. Smith PPS22-0561 |
| Michael Imber PPS22-0162 | Marybeth Rice PPS22-0211 | Rufus Harmon PPS22-0031 |

Dated: _____            _____
                                                                                  Judge or Circuit Clerk

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | | |
|---|---|---|
| **MEGAN MURPHY** | ) | |
|     *Plaintiff* | ) | |
| v. | ) | Case No.: |
| | ) | |
| **NEXSTAR BROADCASTING, INC.** | ) | Division: |
| *Serve Registered Agent:* | ) | |
|     CSC-Lawyers Incorporating | ) | **JURY TRIAL DEMANDED** |
|     Service Company | ) | |
|     221 Bolivar Street | ) | |
|     Jefferson City, MO 65101 | ) | |
|     *Defendant* | ) | |

### ENTRY OF APPEARANCE

    Thomas F. Ralston, MO #61052, hereby enters his appearance as counsel for Plaintiff.

*Respectfully Submitted,*

/s/ *Thomas F. Ralston*
Kenneth D. Kinney – MO #67435
Thomas F. Ralston – MO #61052
**RALSTON KINNEY, LLC**
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
TEL: (816) 298-0086
FAX: (816) 298-9455
Email: ken@rklawllc.com
Email: tom@rklawllc.com

/s/ *Dennis E. Egan*
Dennis E. Egan – MO #27449
**THE POPHAM LAW FIRM, PC**
712 Broadway, Suite 100
Kansas City, MO 64105
Telephone: (816) 221-2288
Fax: (816) 221-3999
Email: degan@popham.com

**ATTORNEYS FOR PLAINTIFF**

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

**MEGAN MURPHY**,

                **PLAINTIFF(S)**,          **CASE NO. 2216-CV09667**

**VS.**                                                                     **DIVISION 1**

**NEXSTAR BROADCASTING, INC.**,

                **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
AND ORDER FOR MEDIATION**

_____

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **SARAH A. CASTLE** on **15-AUG-2022** in **DIVISION 1** at **09:00 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.    A trial setting;

      b.    Expert Witness Disclosure Cutoff Date;

      c.    A schedule for the orderly preparation of the case for trial;

      d.    Any issues which require input or action by the Court;

      e.    The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **SARAH A. CASTLE**
SARAH A. CASTLE**, Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KENNETH DONALD KINNEY, RALSTON KINNEY, LLC, 4717 GRAND AVENUE, SUITE 300, KANSAS CITY, MO 64112

Defendant(s):
 NEXSTAR BROADCASTING, INC.

 Dated:  05-MAY-2022                                                                MARY A. MARQUEZ
                                                                                                     Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

| | |
|---|---|
| **MEGAN MURPHY** ) | |
|        *Plaintiff* ) | |
| v. ) | Case No.: |
| ) | |
| **NEXSTAR BROADCASTING, INC.** ) | Division: |
| *Serve Registered Agent:* ) | |
|    CSC-Lawyers Incorporating ) | **JURY TRIAL DEMANDED** |
|    Service Company ) | |
|    221 Bolivar Street ) | |
|    Jefferson City, MO 65101 ) | |
|        *Defendant* ) | |

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Progressive Legal Process Services, LLC and its agents, are hereby appointed to serve process in the above captioned matter.

| | | |
|---|---|---|
| Joseph M Powers PPS22-0207 | Brent Kirkhart PPS22-0046 | Richard Raymond PPS22-0209 |
| Lilly Powers PPS22-0208 | Janice Kirkhart PPS22-0047 | Michael Puderbaugh PPS22-0330 |
| Deborah Martin PPS22-0175 | Tyler Kirkhart PPS22-0048 | Tyler Miller PPS22-0318 |
| Jessica Coffel PPS22-0131 | Cody Kyser PPS22-0049 | McKenna Howe- PPS22-0295 |
| Michael Martin PPS22-0176 | Miles Troxel PPS22-0234 | Michael E. Smith PPS22-0561 |
| Michael Imber PPS22-0162 | Marybeth Rice PPS22-0211 | Rufus Harmon PPS22-0031 |

Dated: 05-May-2022

*/s/ Jennifer Brookshire*
DEPUTY COURT ADMINISTRATOR



IN THE **16TH JUDICIAL CIRCUIT** COURT, **JACKSON COUNTY**, MISSOURI

| Judge or Division:<br>ADAM CAINE | Case Number: 2216-CV09667 |
|---|---|
| Plaintiff/Petitioner:<br>MEGAN MURPHY<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KENNETH DONALD KINNEY<br>RALSTON KINNEY, LLC<br>4717 GRAND AVENUE, SUITE 300<br>KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br>NEXSTAR BROADCASTING, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO  64106 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** NEXSTAR BROADCASTING, INC.
**Alias:**
RA:CSC-LAW INCORP SERV CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO  65101

**PRIVATE PROCESS SERVER**

*COURT SEAL OF JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-MAY-2022
Date                                                                                              Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                                                    _____
Printed Name of Sheriff or Server                                        Signature of Sheriff or Server

*(Seal)* **Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____                    _____
                                          Date                                                Notary Public

**Sheriff's Fees**
Summons            $_____
Non Est            $_____
Sheriff's Deputy Salary
Supplemental Surcharge  $    10.00
Mileage            $_____ (_____ miles @ $._____ per mile)
**Total**          $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 22-SMCC-3546  1 of 1  Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00360-SRB   Document 1-2   Filed 05/31/22   Page 17 of 19

# SUMMONS/GARNISHMENT SERVICE PACKETS
# ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

6/2020



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division: ADAM CAINE | Case Number: 2216-CV09667 |
| Plaintiff/Petitioner: MEGAN MURPHY | Plaintiff's/Petitioner's Attorney/Address KENNETH DONALD KINNEY RALSTON KINNEY, LLC 4717 GRAND AVENUE, SUITE 300 KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent: NEXSTAR BROADCASTING, INC. | Court Address: 415 E 12th KANSAS CITY, MO 64106 |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: NEXSTAR BROADCASTING, INC.
Alias:
RA:CSC-LAW INCORP SERV CO.
221 BOLIVAR STREET
JEFFERSON CITY, MO 65101

**PRIVATE PROCESS SERVER**

COURT SEAL OF JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

05-MAY-2022
Date  _____ Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.
☒ (for service on a corporation) delivering a copy of the summons and petition to
Lauren Shipley (name) Authorized Agent (title).
☐ other _____
Served at 221 Bolivar St. Jefferson City Mo. (address)
in Cole (County/City of St. Louis), MO, on 5-6-22 (date) at 11:35 am (time).
Rufus R. Havmon                    Rufus R. Havmon
Printed Name of Sheriff or Server   Signature of Sheriff or Server

(Seal)
Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on 05-22-2022 (date).
My commission expires: 03-03-2025    Donna R. Meyr
                        Date         Notary Public

Donna R. Meyr
Notary Public-Notary Seal
STATE OF MISSOURI
Commissioned for Cole County
My Commission Expires: March 3, 2025
ID #13435325

Sheriff's Fees
Summons           $_____
Non Est           $_____
Sheriff's Deputy Salary
Supplemental Surcharge $ 10.00
Mileage           $_____ (____ miles @ $____ per mile)
Total             $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) For Court Use Only: Document Id # 22-SMCC-3546  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 506.120 – 506.140, and 506.150 RSMo

Case 4:22-cv-00360-SRB   Document 1-2   Filed 05/31/22   Page 19 of 19