IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MEGAN MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-00360-SRB |
| ) | |
| NEXSTAR BROADCASTING, INC. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO
PLAINTIFF'S PETITION**

COMES NOW Defendant Nexstar Broadcasting, Inc. ("Defendant") by and through counsel, and for its Answer to Plaintiff Megan Murphy's ("Plaintiff") Petition state as follows:

1. This is a civil case involving an employer who discriminated against an employee in violation of 42 U.S.C. § 1981, which guarantees that all persons in the United States have equal rights to make and enforce contracts, including employment relationships, without regard to their race, ethnicity, or heritage.

**ANSWER:** The allegations contained in Paragraph 1 of Plaintiff's Petition state legal conclusions to which no response is required. To the extent a response is required, Defendant states that the provisions of Section 1981 speak for themselves. Defendant specifically denies it discriminated against Plaintiff or any employee and denies any remaining allegations contained in Paragraph 1 of Plaintiff's Petition.

2. Defendant **NEXSTAR BROADCASTING, INC**. owns and operates Fox 4-KC, WDAF-TV ("Fox 4"), which broadcasts to the Kansas City metropolitan area.

**ANSWER:** Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Petition.

1

3.      Plaintiff **MEGAN MURPHY** was previously employed at Fox 4 (her on-air name was Megan Dillard). In 2020, a Leading Evening Anchor position opened, and remained open for several months. Plaintiff expressed interest in the position to Defendant's New Director, Sean McNamara. Plaintiff was qualified for the position and had experience performing the position as a substitute for the previous anchor.

**ANSWER:** Defendant admits Plaintiff was employed at Fox 4 from March 2014 until October 2020. Defendant also admits a Weekday Evening News Anchor position opened in 2020, which Plaintiff eventually expressed interest in. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Petition.

4.      Defendant refused to hire— or even consider Plaintiff for the position. Why? According to the News Director, she was "*the wrong minority*."

**ANSWER:** Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Petition.

5.      Plaintiff demands a trial by jury and seeks all available relief, including damages in an amount that is fair and reasonable, costs, expenses, fees, interest, and equitable relief.

**ANSWER:** Paragraph 5 of Plaintiff's Petition does not contain factual allegations for which an Answer is required. To the extent a response is required, Defendant acknowledges Plaintiff demands a trial by jury, denies that Plaintiff suffered any damages, and denies any remaining allegations contained in Paragraph 5 of Plaintiff's Petition.

## PARTIES

6.      Plaintiff is an adult female citizen of Missouri. Her race, ethnicity, or heritage is accurately described as Asian American, Pacific Islander, and Filipino.

**ANSWER:** Upon information and belief, Defendant admits that Plaintiff identifies as female but is without sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiff's Petition and, therefore, denies those allegations.

7. From approximately March 2014 until October 2020, Plaintiff was a contract employee who worked at Fox 4.

**ANSWER:** Defendant admits that Plaintiff worked at Fox 4 between March 2014 and October 2020 pursuant to various employment agreements. Defendant denies any remaining allegations contained in Paragraph 7 of Plaintiff's Petition.

8. Plaintiff's employment contracts were formed with the company Tribune Broadcasting Kansas City, Inc., which was the previous owner of Fox 4.

**ANSWER:** Paragraph 8 of Plaintiff's Petition contains legal conclusions to which no response is necessary. To the extent a response is necessary, Defendant admits that Tribune Broadcasting Kansas City, Inc. is a former owner of the station but denies the remaining allegations contained in Paragraph 8 of Plaintiff's Petition.

9. From the beginning of Plaintiff's employment until approximately September 2019, Fox 4 was owned by Tribune Broadcasting Kansas City, Inc., which was her employer and the party she contracted with for the terms, conditions, and privileges of her employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Petition.

10. In approximately September 2019, ownership of Fox 4 transferred to Defendant.

**ANSWER:** Paragraph 10 of Plaintiff's Petition contains legal conclusions for which no response is required. To the extent a response is required, Defendant admits that it became the

3

owner of Fox 4 in approximately September 2019 and denies any remaining allegations contained in Paragraph 10 of Plaintiff's Petition.

11. Defendant is a corporation is registered and authorized to do business in Missouri and does continuous and substantial business in Missouri.

**ANSWER:** Defendant admits the allegations contained in Paragraph 11 of Plaintiff's Petition.

12. When Defendant became the owner of Fox 4, it assumed all contractual obligations, rights, and duties related to the contracts of employment for the employees who worked at Fox 4. Further discovery will show Tribune Broadcasting assigned its contractual interests to Defendant as part of the change of ownership.

**ANSWER:** Paragraph 12 of Plaintiff's Petition contains legal conclusions pursuant to which no response is required. To the extent a response is required, Defendant admits that it began to employ Plaintiff at the time it assumed ownership of Fox 4 but denies the remaining allegations contained in Paragraph 12 of Plaintiff's Petition.

## VENUE AND JURISDICTION

13. The Circuit Court of Jackson County, Missouri is an appropriate venue because the first injury alleged in this civil action occurred in Jackson County, Missouri.

**ANSWER:** Defendant admits that venue is proper in this court but denies that any cause of action exists and denies that Plaintiff suffered any injury. Defendant denies any remaining allegations contained in Paragraph 13 of Plaintiff's Petition.

14. The unlawful conduct alleged against Defendant took place in Jackson County, Missouri. Specifically, the discrimination occurred at Defendant's place of business located at 3030 Summit Street, Kansas City, MO 64108. Jackson County, Missouri is the situs of Plaintiff's

contractual interest in her employment with Defendant and would have the situs of a contract for the Lead Evening Anchor position. Therefore, Defendant is subject to personal jurisdiction in Jackson County, Missouri for purposes of this civil action.

**ANSWER:** Defendant admits that Fox 4 News maintains an office located at 3030 Summit Street, Kansas City, MO 64108 and further admits that jurisdiction is proper in this Court. Defendant denies that any cause of action exists and specifically denies that any violation of law or any illegal discrimination occurred. Defendant denies any remaining allegations contained in Paragraph 14 of Plaintiff's Petition.

15. This Circuit Court has subject matter jurisdiction over this proceeding pursuant to Article V, Section 14 of the Missouri Constitution because this is a civil case.

**ANSWER:** Defendant admits Plaintiff's Petition purports to state a claim over which this court would have subject matter jurisdiction but denies that any cause of action exists and denies any remaining allegations contained in Paragraph 15 of Plaintiff's Petition.

## PARTICULARS

16. In March 2014, Plaintiff was hired as a Reporter at Fox 4. She had a written employment contract for a term of three years.

**ANSWER:** Defendant admits Plaintiff was hired as a Reporter at Fox 4 in March 2014 and had a contract for an initial term of two years. Plaintiff denies the remaining allegations contained in Paragraph 16 of Plaintiff's Petition.

17. For three years, Plaintiff successfully performed her role as Reporter, and fulfilled her contractual obligations.

**ANSWER:** Defendant admits that Plaintiff worked as a Reporter from March 2014 through October 2017. Defendant denies the remaining allegations contained in Paragraph 17 of Plaintiff's Petition.

18. In November 2017, Plaintiff was promoted to TV News Anchor and awarded a new contract for a term of three years.

**ANSWER:** Defendant admits Plaintiff signed a contract in October 2017 for a term of three years but denies the remaining allegations contained in Paragraph 18 of Plaintiff's Petition.

19. Plaintiff continued to fulfill her contractual obligations by performing her job well and being successful in her role as TV News Anchor.

**ANSWER:** Defendant admits Plaintiff worked as the Weekend Evening News Anchor and as a reporter from November 2017 until October 2020. Defendant denies the remaining allegations contained in Paragraph 19 of Plaintiff's Petition.

20. When Defendant became the owner of Fox 4, it assumed all contractual liabilities, obligations, rights, and duties regarding the employees working at Fox 4.

**ANSWER:** Paragraph 20 of Plaintiff's Petition contains legal conclusions for which no response is required. To the extent a response is required, Defendant admits that it became Plaintiff's employer in approximately September 2019 and denies any remaining allegations contained in Paragraph 20 of Plaintiff's Petition.

21. When Defendant became the owner of Fox 4, it also became Plaintiff's employer.

**ANSWER**: Defendant admits the allegations contained in Paragraph 21 of Plaintiff's Petition.

22. Starting in September 2019, Defendant was Plaintiff's employer and had authority over the terms, conditions, and privileges of Plaintiff's employment, notwithstanding those that were established by Plaintiff's employment contract.

**ANSWER:** Paragraph 22 of Plaintiff's Petition contains legal conclusions for which no response is required. To the extent a response is required, Defendant admits that it became Plaintiff's employer in approximately September 2019 and denies any remaining allegations contained in Paragraph 22 of Plaintiff's Petition.

23. Throughout the time Plaintiff was employed as TV News Anchor, she reported during the workweek and anchored news shows on the weekend. At the time, the female Lead Evening Anchor was an African American identified herein as "D.R." On several occasions when D.R. was absent from work, Plaintiff substituted for D.R. and successfully performed the female Lead Evening Anchor role.

**ANSWER:** Defendant admits Plaintiff reported during the weekdays and anchored the evening newscasts on the weekends from November 2017 until October 2020. Defendant also admits that on occasion Plaintiff anchored weekday evening newscasts. Defendant further admits that an African-American woman anchored weekday evening newscasts between January 2017 and January 2020. Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Petition.

24. Near the end of 2019, D.R. announced her resignation.

**ANSWER:** Defendant admits the prior weekday news anchor privately announced to management toward the end of 2019 that she would not renew her contract. Defendant denies any remaining allegations contained in Paragraph 24 of Plaintiff's Petition.

25. During December 2019, Sean McNamara became the News Director at Fox 4. He had not previously worked at Fox 4. He transferred from a news station in Orlando, Florida.

**ANSWER:** Defendant admits that Sean McNamara became Fox 4's News Director in December 2019. Defendant also admits that Sean McNamara had not previously worked at Fox 4. Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Petition.

26. In January 2020, Fox 4 publicly announced that D.R. was resigning from Fox 4.

**ANSWER:** Defendant admits the allegations contained in Paragraph 26 of Plaintiff's Petition.

27. The Lead Evening Anchor position from which D.R. resigned remained vacant until approximately August 2020.

**ANSWER:** Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Petition.

28. While the position was vacant, Plaintiff approached the News Director Sean McNamara, expressed interest in her position, and asked to be considered for it.

**ANSWER:** Defendant admits that Plaintiff expressed her interest in the open Weekday Evening News Anchor position after Defendant had already begun considering applicants who expressed interest prior to the time she did. Defendant denies the remaining allegations contained in Paragraph 28 of Plaintiff's Petition.

29. McNamara, by virtue of his employment with Defendant and the authority given to him by Defendant, had authority to consider candidates for on-air positions, making hiring decisions for on-air positions, and recommend or greatly influence hiring decisions for on-air positions, including the female Lead Evening Anchor position that Plaintiff expressed interest in.

**ANSWER:** Defendant admits Sean McNamara played a role in hiring decisions for on-air positions. Defendant denies the remaining allegations contained in Paragraph 29 of Plaintiff's Petition.

30. In response to Plaintiff telling McNamara she was interested in the position, wanted to be considered for the position, and would like to fill the position, McNamara laughed at Plaintiff and said, "*You know you're the wrong minority*."

**ANSWER:** Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Petition.

31. McNamara's comment was a reference to Plaintiff being Asian American instead of African American.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Petition and specifically denies that the alleged comment was made.

32. During 2019 and 2020, the majority of on-air employees hired to work at Fox 4 were African American.

**ANSWER:** Defendant admits the allegations contained in Paragraph 32 of Plaintiff's Petition. .

33. Defendant engaged in a pattern and practice of expressly considering race when making hiring and promotional decisions regarding on-air positions at Fox 4.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Petition and specifically denies that any discrimination occurred.

34. Defendant refused to offer, or even consider Plaintiff for the female Lead Evening Anchor position because she was not Black/African American, which Defendant considered to be the "right" minority.

**ANSWER:** Defendant denies the allegations contained in Paragraph 34 of Plaintiff's Petition and specifically denies that any discrimination occurred.

35. Defendant decided to fill the female Lead Evening Anchor position with a Black/African American female regardless of the qualifications or experience of candidates who were not Black/African American.

**ANSWER:** Defendant admits it hired an African-American woman for the open Weekday Evening News Anchor position. Defendant denies the remaining allegations contained in Paragraph 35 of Plaintiff's Petition.

36. Other employees told Plaintiff that Defendant's News Director Sean McNamara was complaining about too many Asian women applying for the position.

**ANSWER:** Defendant is without sufficient information to admit or deny what other employees may have told Plaintiff and, therefore, denies those allegations. Defendant denies that McNamara made any such comments and denies any remaining allegations contained in Paragraph 36 of Plaintiff's Petition.

37. During the time the Lead Evening Anchor position was vacant, Plaintiff was the only Asian on-air employee of Defendant.

**ANSWER:** Defendant is without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 37 and, therefore, denies the same.

38. Due to Defendant's blatant, open, and obvious pattern of making contractual employment decisions primarily on race, Plaintiff resigned her employment instead of renewing her contract with Fox 4. Defendant's discriminatory comments and conduct altered the terms, conditions, and privileges of Plaintiff's employment and left her with no choice but to resign.

**ANSWER:** Defendant admits it offered to renew Plaintiff's contract in August 2018, but and affirmatively states that Plaintiff independently decided to leave the news business when her contract expired on October 31, 2018. Defendant denies the remaining allegations contained in Paragraph 38 of Plaintiff's Petition and specifically denies that any discrimination occurred.

39. At all times alleged, the individuals alleged to have engaged in unlawful activity were agents of Defendant acting within the scope and course of their agency, were taking actions authorized by virtue of their position with Defendant, or Defendant ratified their actions. Therefore, Defendant is liable for the unlawful and wrongful conduct alleged herein.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Petition and specifically denies that any discrimination occurred.

## COUNT I
## DISCRIMINATION
## 42 U.S.C. § 181

40. Plaintiff incorporates by reference all other paragraphs in this *Petition*.

**ANSWER:** Defendant incorporates by reference its prior responses, including all denials.

41. Plaintiff was an employee of Defendant.

**ANSWER:** Defendant admits the allegation contained in Paragraph 41 of Plaintiff's Petition.

42. Plaintiff had contractual rights, interests, and obligations with Defendant as a contract employee.

**ANSWER:** Paragraph 42 of Plaintiff's Petition contains legal conclusions for which no response is required. To the extent a response is required, Defendant denies that any contractual rights were violated and denies any remaining allegations contained in Paragraph 42 of Plaintiff's Petition.

11

43. Defendant was soliciting offers to contract for the female Lead Anchor Position, and Plaintiff made her interest in the position known to Defendant.

**ANSWER:** Defendant admits it considered applicants for the Weekday Evening News Anchor position and that Plaintiff expressed interest in the position after Defendant had begun the process of considering candidates. Defendant denies any remaining allegations contained in Paragraph 43 of Plaintiff's Position.

44. Defendant refused to consider Plaintiff for the female Lead Evening Anchor Position, it failed to promote her to the position, failed to hire her for the position, and refused to entertain contract negotiations with Plaintiff for the position.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Petition.

45. Defendant refused to consider Plaintiff for the position, failed to promote her, failed to hire her, and refused to contract with Plaintiff because of her race/ethnicity/heritage.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Petition and specifically denies that any discrimination occurred.

46. Defendant would not have engaged in such conduct as to Plaintiff but for Plaintiff's race/ethnicity/heritage.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Petition and specifically denies that any discrimination occurred.

47. Defendant subjected Plaintiff to race/ethnicity/heritage-based comments and conduct that were unwelcome, offensive, and sufficiently severe that Plaintiff found the work environment to be hostile and intimidating, and a reasonable person in Plaintiff's position would have felt the same.

**ANSWER:** Defendant denies the allegations contained in Paragraph 47 of Plaintiff's Petition and specifically denies that any violation of law occurred.

48. The race/ethnicity/heritage-based comments and conduct described above were done by the News Director Sean McNamara, an individual who was empowered to make significant changes in Plaintiff's employment status with Defendant. Other comments included employees repeating McNamara's comments.

**ANSWER:** Defendant denies the allegations contained in Paragraph 48 of Plaintiff's Petition and specifically denies that any discrimination occurred.

49. Defendant's comments and conduct resulted in a tangible employment decision, namely Defendant's refusal to consider Plaintiff for the Lead Evening Anchor Position, refusing to promote to her to the position, refusing to hire her for the position, and refusing to contract with Plaintiff regarding the position.

**ANSWER:** Paragraph 49 of Plaintiff's Petition contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of Plaintiff's Petition.

50. Defendant's race-based comments and conduct, including its decision to make promotional and hiring decisions based primarily on race, caused Plaintiff to resign her employment and would have caused a reasonable person in Plaintiff's position to resign.

**ANSWER:** Defendant denies the allegations contained in Paragraph 50 of Plaintiff's Petition and specifically denies that any violation of law occurred.

51. Defendant's conduct was malicious or recklessly indifferent to Plaintiff's right to be free from discrimination in employment and in negotiating contractual relationships.

**ANSWER:** Defendant denies the allegations contained in Paragraph 51 of Plaintiff's Petition and specifically denies that any discrimination occurred.

WHEREFORE, having fulling answered the allegations contained in Count I of Plaintiff's Petition, Defendant Nexstar Broadcasting Inc., respectfully requests that this Court enter judgment in its favor, award Defendant its costs and fees incurred herein, and provide any further relief the Court deems just and proper.

### AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of the claims contained in Plaintiff's Complaint are frivolous, unreasonable, and vexatious, thereby entitling Defendant to costs and attorneys' fees incurred in the defense of this action.

3. Plaintiff has failed to mitigate her damages, if any.

4. To the extent Plaintiff recovers any monies from collateral sources, including alternative employment, Defendant is entitled to a set-off

5. To the extent Defendant otherwise would be legally responsible for any actions taken with respect to Plaintiff's employment, which Defendant denies, such actions were at all times taken in good faith and for legitimate business reasons and not for any discriminatory or illegal purpose, and that the same actions would have been taken based on legitimate, nondiscriminatory grounds regardless of Plaintiff's alleged membership in any protected class or her engagement in any protected activity.

6. Plaintiff's claims are barred because Defendant acted in good faith to comply with all applicable laws and any alleged discrimination or other wrongdoing, which Defendant denies occurred, is contrary to Defendant's good faith efforts.

7. Defendant denies that it engaged in any wrongful or unlawful conduct and denies that Plaintiff is entitled to any legal and/or equitable relief.

8. Plaintiff's claims are barred because any alleged damages or injuries were caused by Plaintiff's own actions or inactions.

9. If Plaintiff suffered damages, which is specifically denied, such injuries were caused by others and not caused by Defendant.

10. Any action taken by Defendant with respect to Plaintiff's employment giving rise to a claim for punitive damages, the existence of which Defendant specifically denies, was not undertaken maliciously and did not demonstrate any evil motive or reckless indifference to Plaintiff's rights under state or federal law.

11. Any award of punitive damages would deprive Defendant of property without due process of law in violation of Defendant's rights under federal and/or state constitutions, and the standard for determining whether to impose punitive damages is vague and indefinite, does not provide adequate guidance for the trier of fact, and fails to require proof by an appropriate standard.

12. Plaintiff's claim for punitive damages must be proven by clear and convincing evidence.

13. Plaintiff's claims are barred by the *Kolstad* affirmative defense because Defendant made good faith efforts to prevent discrimination and to comply with all applicable laws.

14. Defendant denies that it engaged in any wrongful or unlawful conduct and denies that Plaintiff is entitled to any legal and/or equitable relief.

15. Plaintiff may be barred from pursuing her claims due to her own actions and/or inactions or course of conduct.

16. Although Defendant denies any improper behavior, Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any alleged improper behavior and Plaintiff failed to take advantage of any preventative or corrective opportunities provided by Defendant

17. Defendant reserves the right to amend its pleading to assert additional affirmative defenses, as they may become known or ascertained through the course of discovery, including the defense of after-acquired evidence.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Nexstar Broadcasting, Inc. prays for judgment in its favor and against Plaintiff and for reasonable attorneys' fees and costs incurred in connection with this litigation, and for any other relief the Court deems just and proper.

Dated: June 7, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Karen R. Glickstein*
Karen R. Glickstein, MO Bar #37083
Ariel L. Gutovitz, MO Bar #74425
7101 College Blvd, Suite 1200
Overland Park, KS 66210
Telephone: (913) 981-1018
Facsimile: (913) 981-1019
Karen.Glickstein@jacksonlewis.com
Ariel.Gutovitz@jacksonlewis.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on this 7 day of June 2022, a true copy of the foregoing Defendant's Answer to Plaintiff's Petition filed electronically with the Clerk of the Court using the CM/ECF electronic filing system, with a copy sent via electronic mail, to the following counsel of record for Plaintiff:

Kenneth D. Kinney
Thomas F. Ralston
RALSTON KINNEY, LLC
4717 Grand Avenue, Suite 300
Kansas City, MO 64112
tom@rklawllc.com
ken@rklawllc.com

Dennis E. Egan
THE POPHAM LAW FIRM, PC
712 Broadway, Suite 100
Kansas City, MO 64105
degan@popham.com

ATTORNEYS FOR PLAINTIFF

                    */s/ Karen R. Glickstein*
                    AN ATTORNEY FOR DEFENDANT

4857-7831-8371, v. 1

17

Case 4:22-cv-00360-SRB   Document 4   Filed 06/07/22   Page 17 of 17